■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT T. WILBERT, Appellant. [825 NYS2d 884]—

Appeal from an order of the Wayne County Court (Dennis M. Kehoe, J.), dated September 23, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The order is the result of a redetermination hearing conducted upon defendant's request, in accordance with the stipulation of settlement in *Doe v Pataki* (96 Civ 1657 [Dist Ct]). Although following the redeter-

mination hearing County Court reduced the total score on the risk assessment instrument from 155 to 135, that score is nevertheless within the range of a level three risk. We agree with defendant, however, that the court should have reduced the total risk factor score on the risk assessment instrument to 80 points and thus should have determined that defendant is a level two risk. The People failed to establish the basis for the assessment of 15 points under risk factor 11, drug or alcohol abuse (*see generally People v Price*, 31 AD3d 1114, 1115 [2006]). Indeed, at the redetermination hearing the People presented evidence that defendant became a member of Alcoholics Anonymous after his release from prison and had been alcohol free for eight years (*cf. People v Villane*, 17 AD3d 336 [2005]). The People also failed to present evidence establishing the basis for the assessment of 10 points for risk factor 13, conduct while confined/supervised. The evidence presented at the redetermination hearing established that defendant's behavior while on parole and thereafter was exemplary and that, although defendant was involved in some physical altercations while incarcerated, his participation was defensive in nature. Finally, the record also establishes that the points assessed under risk factor 9 are duplicative of the points assessed under risk factor 8. We therefore modify the order by determining that defendant is a level two risk. Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.