THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA HURLBURT-ANDERSON, Appellant. [848 NYS2d 788]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), entered December 30, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that she is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination of her risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The People presented clear and convincing evidence supporting the court's assessment of 15 points for risk factor 12, based on the failure of defendant to accept responsibility for her criminal actions, i.e., placing a portion of the blame for her criminal actions on the victims, and her expulsion from her mandatory sex offender treatment program (*see People v Dubuque*, 35 AD3d 1011 [2006]). Contrary to defendant's further contention, the court's assessment of 10 points for risk factor 13 was not duplicative of the points assessed for risk factor 12 inasmuch as the record establishes that defendant was assessed risk factor points under risk factors 12 and 13 for separate acts or omissions (*cf. People v Wilbert*, 35 AD3d 1220, 1221 [2006]). In any event, even assuming, arguendo, that the contentions of defendant on appeal are meritorious and that her total risk factor score should be reduced accordingly, we would nevertheless conclude that her presumptive classification as a level three risk would not change (*see People v Ferrara*, 38 AD3d 1302 [2007], *lv denied* 8 NY3d 815 [2007]; *People v Lujan*, 34 AD3d 1346, 1347 [2006], *lv denied* 8 NY3d 805 [2007]). Finally, defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure from her presumptive risk level (*see People v McDaniel*, 27 AD3d 1158, 1159 [2006], *lv denied* 7 NY3d 703 [2006]; *see generally People v Dexter*, 21 AD3d 403, 404 [2005],

*lv denied* 5 NY3d 716; *see also People v Perkins*, 32 AD3d 1241 [2006]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.