THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN J. BAKER, Appellant. [871 NYS2d 537]—

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant contends that County Court erred in assessing 30 points based on a prior violent felony, but correctly concedes that he failed to preserve that contention for our review (*see generally People v Brown-McKnight*, 45 AD3d 1334 [2007], *lv denied* 10 NY3d 701 [2008]; *People v Pierce*, 27 AD3d 1182 [2006]; *People v Peterson*, 8 AD3d 1124 [2004], *lv denied* 3 NY3d 607 [2004]). In any event, that contention is without merit because defense counsel stated at the SORA hearing that the crime underlying defendant's youthful offender adjudication was arson in the second degree (Penal Law § 150.15), which is a violent felony (*see* § 70.02 [1] [a]).

We reject the further contention of defendant that the court erred in assessing 10 points under the risk factor for failing to accept responsibility. Although defendant pleaded guilty to the crimes underlying the SORA determination, he blamed the victim in his statement to the police and showed no remorse in his statement to the probation officer. The court properly concluded that those statements did not "reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Noriega*, 26 AD3d 767 [2006], *lv denied* 6 NY3d 713 [2006] [internal quotation marks omitted]). We also reject the contention of defendant that the court erred in assessing 30 points for three or more victims rather than 20 points for two victims under the risk factor for number of victims. The case summary indicating that there were three victims constitutes reliable hearsay (*see People v Wragg*, 41 AD3d 1273 [2007], *lv denied* 9 NY3d 809 [2007]). In any event, even if we were to conclude that each of defendant's contentions has merit, we note that defendant's presumptive classification as a level three risk would not be altered based on the reduced total risk factor score (*see People v Hurlburt-Anderson*, 46 AD3d 1437 [2007]; *People v McDaniel*, 27 AD3d 1158 [2006], *lv denied* 7 NY3d 703 [2006]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.