THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED VANGORDER, Appellant. [899 NYS2d 708]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered April 10, 2008. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that the assessment of 15 points for drug or alcohol abuse is not supported by the requisite clear and convincing evidence (*see generally* § 168-n [3]). Defendant admitted to the probation officer who prepared his presentence report that he was currently using marihuana. Although defendant completed a substance abuse treatment program while he was incarcerated, "his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision" (*People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *see People v Legall*, 63 AD3d 1305, 1306 [2009], *lv denied* 13 NY3d 706 [2009]). Defendant further contends that he was improperly assessed 15 points for not accepting responsibility, based on his refusal to participate in a certain program. An admission of guilt was a prerequisite to participation in that program, and defendant contends that he thereby would be compelled to violate his right against self-incrimination. We reject that contention. While defendant stated that he refused "to waive [his] constitutional rights" by admit-

ting his guilt, we note that the Double Jeopardy Clause protects him from further prosecution with respect to any offenses to which the admission of guilt applies, and thus his contention is without merit (*see People v Palladino*, 46 AD3d 864, 865-866 [2007], *lv denied* 10 NY3d 704 [2008]). Finally, defendant was properly assessed five points for a prior misdemeanor conviction, regardless of when it occurred. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.