(June 18, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL URBANSKI, Appellant. [903 NYS2d 648]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 20, 2008. The order determined that defendant is a level three risk and a predicate sex offender pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the determination that defendant is a predicate sex offender and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk and a predicate sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). With respect to the finding that he is a level three risk, defendant contends that Supreme Court failed to set forth its findings of fact and conclusions of law, as required by Correction Law § 168-n (3). Although defendant is correct that the court failed to do so, we nevertheless conclude that the record before us is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering remittal unnecessary (*see People v Pardo*, 50 AD3d 992 [2008], *lv denied* 11 NY3d 703 [2008]; *People v Banks*, 48 AD3d 656 [2008], *lv denied* 10 NY3d 709 [2008]).

Defendant further contends that the People failed to meet their burden of establishing both that he has a history of drug or alcohol abuse and that he failed to accept responsibility, to support that risk level. Defendant does not contest the court's determination with respect to any of the other risk factors and we therefore do not address them. Based on our review of the evidence at the SORA hearing, we conclude that the People established both of the disputed risk factors by the requisite clear and convincing evidence (*see* Correction Law § 168-n [3]). According to statements made by defendant that are set forth in the presentence report, defendant began drinking alcohol and smoking marihuana at age 15, and he started using cocaine several years later. Defendant also admitted that he had used LSD. Those admissions constitute clear and convincing evidence that defendant has a history of alcohol or drug abuse, thus justifying the assessment of 25 points with respect to that risk category (*see People v Guitard*, 57 AD3d 751 [2008], *lv denied* 12 NY3d 704 [2009]). The fact that defendant may have abstained from the use of alcohol and drugs while incarcerated is "not necessarily predictive of his behavior when [he is] no longer under such supervision" (*People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *see People v Vangorder*, 72 AD3d 1614 [2010]). With respect to defendant's alleged failure to accept responsibility, the case summary establishes that, when interviewed by the Board of Examiners of Sex Offenders, defendant stated that he was not sure he committed the crime and that he pleaded guilty "in order to receive a lesser sentence." Those statements constitute clear and convincing evidence of defendant's failure to accept responsibility, thus justifying the assessment of 10 additional points for that risk factor. Based on the assessment of the points for the two risk factors challenged by defendant on appeal, along with the assessment of 95 points for the remaining risk factors not chal-

lenged by defendant on appeal, we conclude that defendant's presumptive classification as a level three risk was proper, and that defendant failed to show by clear and convincing evidence that a downward departure from that risk level was warranted (*see People v Pearsall*, 67 AD3d 876 [2009], *lv denied* 14 NY3d 703 [2010]). The statement of defendant that he is physically unable to reoffend was made for the first time in a memorandum of law submitted following the SORA hearing, and defendant offered no evidence to support that statement in any event.

Finally, as the People correctly concede, the court erred in determining that defendant is a predicate sex offender, and we therefore modify the order accordingly. Present—Smith, J.P., Fahey, Carni, Lindley and Sconiers, JJ.