# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**124**

**KA 09-00734**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                             MEMORANDUM AND ORDER

CHESTER PARKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered March 4, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court abused its discretion in failing to grant him a downward departure from his presumptive risk level. Defendant failed to preserve that contention for our review inasmuch as he did not request such relief before the court (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708; *People v Graham*, 35 AD3d 299, *lv denied* 8 NY3d 808). In any event, we conclude that defendant "failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure" (*People v Marks*, 31 AD3d 1142, 1143, *lv denied* 7 NY3d 715; *see Ratcliff*, 53 AD3d 1110). Although defendant completed two sex offender treatment programs as well as aggression replacement and substance abuse treatment programs while incarcerated, he failed to offer any evidence suggesting that his response to that treatment was "exceptional" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]). Moreover, the fact that defendant may have abstained from using alcohol and drugs or engaging in inappropriate sexual behavior while incarcerated is " 'not necessarily predictive of his behavior when [he is] no longer under such supervision' " (*People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707; *see People v Vangorder*, 72 AD3d 1614), and defendant "offered no competent evidence of his behavior since his release from prison" (*People v Ferrara*, 38 AD3d

1302, 1303, *lv denied* 8 NY3d 815).

Entered:  February 10, 2011                    Patricia L. Morgan
                                                Clerk of the Court