■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABSALON VASQUEZ, Appellant. [932 NYS2d 351]—

Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 9 based upon his prior youthful offender adjudication for burglary in the second degree (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]; *People v Stacconi*, 81 AD3d 1046 [2011]; *People v Thomas*, 59 AD3d 783, 784 [2009]; *People v Baker*, 57 AD3d 1472, 1473 [2008]; *People v Swackhammer*, 25 AD3d 892 [2006]). To the extent that the defendant maintains that the Supreme Court failed to set forth the findings of fact and conclusions of law upon which it based its determination to assess those points, remittitur is not required because the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Lyons*, 72 AD3d 776 [2010]; *People v Hill*, 50 AD3d 990, 991 [2008]).

Moreover, the defendant's argument with regard to risk factor 1 is without merit. The defendant's infliction of physical injury upon the victim was "previously proven at trial" (Correction Law § 168-n [3]; *People v Vasquez*, 297 AD2d 297, 298

[2002]). Thus, that fact "shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law § 168-n [3]; *see People v Davenport*, 38 AD3d 634, 635 [2007]).

Finally, under the circumstances of this case, the Supreme Court properly determined that an upward departure to risk level three was warranted based upon clear and convincing evidence of the existence of aggravating factors not accounted for in the risk assessment instrument (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Wyatt*, 89 AD3d 112 [2d Dept 2011]; *People v Freeman*, 85 AD3d 1335, 1336 [2011]; *People v Twyman*, 59 AD3d 415, 416 [2009]; *People v Heichel*, 20 AD3d 934, 935-936 [2005]). Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.