# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**198**
**KA 10-01224**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JEFFREY LOWERY, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC., WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC R. SCHIENER, ACTING DISTRICT ATTORNEY, GENESEO, FOR RESPONDENT.

---

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), entered July 25, 2008. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing 15 points under risk factor 11, for having a history of alcohol abuse. Defendant's presentence investigation report (PSR) from 1986 was admitted in evidence at the SORA hearing, and it stated that defendant acknowledged that he had "a problem with alcohol." The PSR also stated that defendant had been referred to an alcohol rehabilitation program, but that he was discharged from that program due to his noncompliance therewith. In addition, at least one of defendant's prison disciplinary charges while incarcerated involved the use of alcohol.

Although an assessment of points under risk factor 11 is unjustified where the defendant's "more recent history is one of prolonged abstinence" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *see People v Wilbert*, 35 AD3d 1220, 1221; *People v Abdullah*, 31 AD3d 515, 516), defendant's purported abstinence occurred while he was incarcerated. "The fact that defendant may have abstained from the use of alcohol and drugs while incarcerated is 'not necessarily predictive of his behavior when [he is] no longer under such supervision' " (*People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707; *see People v Vangorder*, 72 AD3d 1614). We therefore conclude that the court properly assessed

points against defendant under risk factor 11.

We reject defendant's further contention that the court erred in assessing points against him under risk factor 13, based on his "unsatisfactory" conduct while confined and supervised.  The evidence at the SORA hearing established that, while on parole for his sex offense, defendant violated the terms and conditions of his release on at least two occasions, and was returned to prison on both of those occasions.  The first revocation arose from a fight during which defendant extinguished a cigarette in a man's eye.  The second revocation arose from defendant's perjury conviction, for lying to the grand jury with respect to a friend's criminal case.  Defendant was sentenced to an additional prison term on the perjury charge.  In addition, while awaiting transfer to state prison following the perjury conviction, defendant escaped from the Livingston County jail and assaulted a jail deputy in the process.  The deputy sustained a fractured skull in the course of the assault.  Finally, during his extended period of incarceration defendant accumulated 29 Tier II infractions and 14 more serious Tier III infractions.  Four of those latter infractions involved the possession of a weapon.  The above evidence, none of which was disputed by defendant, justified the court's assessment of points under risk factor 13.

Finally, we conclude that the court did not err in granting the People's request for an upward departure from a risk level two to a risk level three, inasmuch as there existed aggravating factors " 'of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court