Appeal from an order of the Monroe County Court (Frank E Geraci, Jr., J.), entered January 25, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in relying upon facts set forth solely in the case summary. We reject that contention. The case summary *1442 may constitute clear and convincing evidence of the facts alleged therein and, where, as here, the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court’s determination (see People v Hubel, 70 AD3d 1492, 1493 [2010]; People v Girup, 9 AD3d 913, 913-914 [2004]; see generally People v Mingo, 12 NY3d 563, 571-573 [2009]). Here, in the absence of evidence to the contrary, the court correctly relied upon the case summary in assessing points against defendant under the risk factor for failure to accept responsibility and expulsion from treatment (see People v Murphy, 68 AD3d 832, 833 [2009], lv dismissed 14 NY3d 812 [2010]), as well as the risk factor for improper conduct while confined (see People v Vaughn, 26 AD3d 776, 777 [2006]). Further, defendant failed to establish his entitlement to a downward departure from the presumptive risk level (see People v Vacanti, 26 AD3d 732, 733 [2006], lv denied 6 NY3d 714 [2006]; People v Hamelinck, 23 AD3d 1060 [2005]). Present— Smith, J.P., Fahey, Peradotto, Sconiers and Martoche, JJ.