■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ODUM, Appellant. [956 NYS2d 772]—

Memorandum: Defendant appeals from an order of Monroe County Court that affirmed an order of Gates Town Court determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that he was an acquaintance of the victim and that the People therefore failed to establish the basis for the assessment of 20 points under risk factor 7, i.e., his relationship with the victim. The evidence established that "the victim met defendant for the first time [shortly before] the day of the incident, did not know his legal name, and apparently knew no other personal information about him. Thus, the court properly concluded that 'defendant was a stranger to the victim' " (*People v Gaines*, 39 AD3d 1212, 1212-1213 [2007], *lv denied* 9 NY3d 803 [2007]).

Assuming, arguendo, that, by seeking a downward departure from his presumptive risk level on a different ground, defendant preserved for our review his contention that a downward departure to level one is warranted because of his lack of contact

with the criminal justice system since the time of the offense, we conclude that his contention is without merit. Defendant failed "to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v Regan*, 46 AD3d 1434, 1435 [2007]; *see People v Bennett*, 90 AD3d 1664, 1664 [2011], *lv denied* 18 NY3d 810 [2011]; *People v Ratcliff*, 53 AD3d 1110, 1110 [2008], *lv denied* 11 NY3d 708 [2008]). Present—Scudder, P.J., Smith, Fahey, Carni and Martoche, JJ.