■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TORRES, Appellant. [959 NYS2d 672]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated February 18, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 9 based upon his prior youthful offender adjudication for the violent felony of robbery in the first degree (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006] [hereinafter the Guidelines and Commentary]; *People v Vasquez*, 89 AD3d 816 [2011]; *People v Masters*, 19 AD3d 387 [2005]; *People v Moore*, 1 AD3d 421 [2003]). The defendant contends that certain provisions of CPL 720.35 conflict with and supersede the provisions in the Guidelines and Commentary permitting consideration of a youthful offender adjudication under risk factor 9. However, the defendant concedes that, even excluding his past youthful offender adjudication for robbery, he would have been assessed 15 points under risk factor 9 for his other prior criminal history, and the resulting score still would have been within presumptive risk level two. Moreover, the defendant failed to satisfy the twofold "threshold condition" in support of his application for a downward departure to risk level one (*People v Wyatt*, 89 AD3d 112, 128 [2011]). Accordingly, the Supreme Court properly designated him a risk level two sex offender. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.