# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**254**
**KA 11-00973**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOE W. GREEN, DEFENDANT-APPELLANT.

---

GENESEE VALLEY LEGAL AID, GENESEO (JEANNIE D. MICHALSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), entered April 25, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court properly assessed 15 points against him under risk factor 11 based upon his history of drug and alcohol abuse. Defendant's criminal history includes convictions related to drugs and alcohol, and defendant admitted during the presentence investigation that his lengthy criminal history was attributable to his abuse of drugs and alcohol. Defendant further admitted that during the time period that included the instant offense he smoked marihuana and drank alcohol daily, usually to the point of intoxication. The court properly concluded that " 'his recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision' " (*People v Vangorder*, 72 AD3d 1614, 1614).

We agree with defendant, however, that the People failed to present the requisite clear and convincing evidence that the victim of the underlying crime suffered from a "mental disability" (*see generally* Correction Law § 168-n [3]), and thus the court erred in assessing 20 points against him under risk factor 6. Although the People presented evidence that the victim was diagnosed as mildly mentally retarded, "[t]he law does not presume that a person with mental retardation is unable to consent to sexual [activity], . . . and proof of incapacity must come from facts other than mental

retardation alone" (*People v Cratsley*, 86 NY2d 81, 86).  Here, the remaining evidence in the record relating to the victim's capacity failed to establish that she was "incapable of appraising the nature of [her] own sexual conduct" (*id*. at 87; *see People v Easley*, 42 NY2d 50, 55-57; *cf. People v Jackson*, 70 AD3d 1385, 1385, *lv denied* 14 NY3d 714).  Deducting those 20 points assessed under risk factor 6 results in a total risk factor score of 90, and thus defendant is presumptively a level two risk.  Nevertheless, we agree with the court's alternative determination, consistent with the recommendation of the Board of Examiners of Sex Offenders, that an upward departure to a level three risk was warranted inasmuch as the risk assessment instrument "did not fully take into account the number and nature of defendant's prior crimes" (*People v Stevens*, 4 AD3d 786, 787, *lv denied* 2 NY3d 705).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court