# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

812

KA 12-00990

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

STANLEY BETHUNE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered April 20, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was convicted upon his plea of guilty of, inter alia, aggravated sexual abuse in the first degree (Penal Law § 130.70), and he was thereafter adjudicated a level three risk. Contrary to defendant's contention, Supreme Court properly determined that he had previously been convicted of a felony sex crime and applied the corresponding override provision. The case summary stated that defendant had previously been convicted in the State of California of, inter alia, the crime of oral copulation. A conviction of such a crime may be a misdemeanor or a felony, depending upon the particulars of the conviction (*see generally People v Hofsheier*, 37 Cal 4th 1185, 1196 n 3). In addition to stating the name of the crime of which defendant was convicted in California, however, the case summary repeatedly indicated that defendant had previously been convicted of a "felony sex crime," the oral copulation conviction was defendant's only prior sex offense, and defendant did not deny having been convicted of that offense. "The case summary may constitute clear and convincing evidence of the facts alleged therein and, where, as here, the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination" (*People v Guzman*, 96 AD3d 1441, 1441-1442, *lv denied* 19 NY3d 812; *see People v Beames*, 100 AD3d 1163, 1164; *People v Hubel*, 70 AD3d 1492, 1493). The court therefore properly determined

that the override provision applied.