# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**533**

**KA 12-01538**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

IFEOMA A. OKAFOR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered June 6, 2012. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in relying upon facts set forth in the case summary prepared by the Board of Examiners of Sex Offenders in determining his risk level. " 'The case summary may constitute clear and convincing evidence of the facts alleged therein and, where, as here, the defendant does not dispute the facts contained in the case summary, the case summary alone is sufficient to support the court's determination' " (*People v Vaillancourt*, 112 AD3d 1375, 1375-1376, *lv denied* ___ NY3d ___ [Apr. 1, 2014]; *see People v Bethune*, 108 AD3d 1231, 1231-1232, *lv denied* 22 NY3d 853). "[D]efense counsel's statement at the hearing that the court should not rely solely upon the case summary was not the equivalent of disputing the facts contained therein. Furthermore, defendant's contention that the court violated his due process rights by relying solely upon the case summary is without merit" (*Vaillancourt*, 112 AD3d at 1376; *see People v Latimore*, 50 AD3d 1604, 1605, *lv denied* 10 NY3d 717; *cf. People v David W.*, 95 NY2d 130, 138-140; *see generally People v Montanez*, 88 AD3d 1278, 1279).

Entered:  May 9, 2014                                    Frances E. Cafarell
                                                         Clerk of the Court