# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1413**

**KA 14-01681**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DAVID JACKSON, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 5, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse. That assessment is supported by the reliable hearsay contained in the presentence report and the case summary, and defendant admitted at the SORA hearing that he had a history of drug abuse (*see People v Okafor*, 117 AD3d 1579, 1580, *lv denied* 24 NY3d 902; *People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809). Defendant's purported abstinence while incarcerated "is not necessarily predictive of his behavior when [he is] no longer under such supervision" (*People v Lowery*, 93 AD3d 1269, 1270, *lv denied* 19 NY3d 807 [internal quotation marks omitted]; *see People v Green*, 104 AD3d 1222, 1223, *lv denied* 21 NY3d 860; *Ramos*, 41 AD3d at 1250).

We reject defendant's further contention that the People failed to present clear and convincing evidence to support the assessment of 20 points under risk factor 7, i.e., that the victim was a stranger. The People "presented evidence establishing that the victim . . . did not know [defendant's] legal name, and knew no other personal information about him" (*People v Lewis*, 45 AD3d 1381, 1381, *lv denied* 10 NY3d 703). The victim gave a general description to the police of the man who raped her, and defendant was not identified as a

suspect until two years later, when a search of the New York State DNA Index System resulted in a match between a DNA specimen taken from defendant and a semen specimen found on slides taken from the victim as part of her rape kit.  Defendant's assertion during his presentence investigation that he had met the victim at a "drug house," without more, does not establish that they were acquaintances (*see generally People v Odum*, 101 AD3d 1693, 1693, *lv dismissed* 20 NY3d 1094).

Finally, contrary to defendant's contention, the court properly assessed 15 points under risk factor 12 for defendant's failure to accept responsibility and expulsion from treatment.  Defendant reported during his presentence investigation that the sexual relations with the victim were consensual, thus establishing his failure to accept responsibility (*see People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707; *People v Baker*, 57 AD3d 1472, 1473, *lv denied* 12 NY3d 706).  In addition, the court "properly relied on the case summary . . . in finding that the defendant refused or was expelled from[] sex offender treatment" (*People v Murphy*, 68 AD3d 832, 833, *lv dismissed* 14 NY3d 812; *see People v Guzman*, 96 AD3d 1441, 1442, *lv denied* 19 NY3d 812).  The case summary stated that defendant was removed from sex offender treatment on two occasions for disciplinary reasons, and has since refused to participate in the program.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court