■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Appellant. [28 NYS3d 905]—Appeal by the defendant from an order of the Supreme Court, Kings County (Riviezzo, J.), dated August 29, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), the defendant was assessed 145 points, 35 points in excess of what is required to designate him presumptively a level three sex offender.

The defendant challenges the assessment of 15 points against him for a history of drug and/or alcohol abuse, and 15 points for failure to accept responsibility. The exclusion of those points would not alter his presumptive risk level (*see People v Boykin*, 102 AD3d 937 [2013]).

In any event, the assessment of points for a history of drug and/or alcohol abuse was based upon the defendant's admissions (*see People v Murphy*, 68 AD3d 832, 833 [2009]) and the fact that he was treated for alcohol abuse while in prison (*see People v Snyder*, 133 AD3d 1052, 1053 [2015]). Further, the defendant's refusal to engage in sex offender treatment warranted the assessment of 15 points against him for failure to accept responsibility (*see People v Pinckney*, 129 AD3d 1048, 1049 [2015]).

A downward departure from a defendant's presumptive risk level may be warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise taken into account when assessing points (*see People v Guzman*, 110 AD3d 863 [2013]). The defendant's lack of a disciplinary history while in prison was taken into account when assessing points, and therefore is not a ground for a downward departure from his presumptive risk level (*see People v Torres*, 124 AD3d 744, 745 [2015]). Further, the defendant's age was not a ground for a downward departure (*see People v Shelton*, 126 AD3d 959, 960 [2015]).

The defendant's remaining contentions are without merit. Accordingly, the defendant was properly designated a level three sex offender. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.