# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1291
KA 15-00846
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                       MEMORANDUM AND ORDER

JAMES M. CARLBERG, DEFENDANT-APPELLANT.

---

HUNT & BAKER, HAMMONDSPORT (BRENDA SMITH ASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Steuben County Court (Marianne Furfure, A.J.), entered May 4, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in failing to grant a downward departure from his presumptive risk level. We reject that contention. "A departure from the presumptive risk level is warranted if there is 'an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Smith*, 122 AD3d 1325, 1325, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Defendant failed to identify or establish the existence of any such mitigating factor (*see People v Lowery*, 140 AD3d 1141, 1142, *lv denied* 28 NY3d 903; *see generally People v Gillotti*, 23 NY3d 841, 861). Contrary to defendant's further contention, the court properly assessed 15 points under risk factor 11 for history of drug or alcohol abuse. Defendant's criminal history includes two prior alcohol-related convictions (*see People v Green*, 104 AD3d 1222, 1222, *lv denied* 21 NY3d 860), and his purported abstinence while incarcerated and limited consumption of alcohol during the brief period following his release is not necessarily predictive of his future behavior (*see People v Jackson*, 134 AD3d 1580, 1580-1581; *Green*, 104 AD3d at 1223). The court also properly assessed 10 points under risk factor 13 for unsatisfactory conduct while supervised because the People established that defendant violated the terms of his supervision by engaging in

criminal conduct (*see People v Young*, 108 AD3d 1232, 1233, *lv denied* 22 NY3d 853, *rearg denied* 22 NY3d 1036; *People v Lowery*, 93 AD3d 1269, 1270, *lv denied* 19 NY3d 807).  Contrary to defendant's contention, the assessment of points under risk factor 11 and risk factor 13 did not constitute impermissible double counting, notwithstanding the fact that the unsatisfactory conduct while supervised was alcohol-related.