# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**223**

**KA 15-00984**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

MICHAEL NEWMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 27, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that Supreme Court engaged in impermissible double-counting because his underlying conviction of criminal sexual act in the first degree (Penal Law § 130.50 [4]), which is addressed by risk factor 2, included as an element the age of the victim while the age of the victim is also addressed under risk factor 5. We reject that contention. To preclude consideration of the victim's age under risk factor 5 in cases in which the victim's age is an element of the underlying offense would contravene SORA's protective purpose (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 2 [2006]; *see also People v Cabrera*, 91 AD3d 479, 480, *lv denied* 19 NY3d 801; *see generally People v Alemany*, 13 NY3d 424, 430-431).

We likewise reject defendant's challenge to the court's assessment of 15 points for a history of drug or alcohol abuse. Defendant's case summary and presentence report indicated that he began to use marihuana at the age of 15, and started to drink alcohol at the age of 21. Defendant also admitted that he had "a prior history of treatment for his chemical use [and] . . . that he did not finish" those treatment programs. "The statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of

points under the risk factor for history of drug or alcohol abuse" (*People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809; *see People v Jackson*, 134 AD3d 1580, 1580). Defendant's assertions of sobriety were undermined by the fact that he "was required to attend drug and alcohol treatment while incarcerated, thus further supporting the court's assessment of points for a history of drug or alcohol abuse" (*People v Mundo*, 98 AD3d 1292, 1293, *lv denied* 20 NY3d 855; *see People v Lowery*, 140 AD3d 1141, 1142, *lv denied* 28 NY3d 903; *People v Perez*, 138 AD3d 1081, 1081, *lv denied* 27 NY3d 913). Although defendant contends that he is "expected to complete the treatment before his release," we note that any " 'recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision' " (*People v Vangorder*, 72 AD3d 1614, 1614; *see Jackson*, 134 AD3d at 1580-1581; *People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707).

Entered: March 24, 2017            Frances E. Cafarell
Clerk of the Court