# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**629**

**KA 15-01176**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT J. KUNZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (John L. DeMarco, J.), dated May 22, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Contrary to defendant's contention, County Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as "[t]he statements in the case summary and presentence report with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under th[at] risk factor" (*People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809; *see People v Jackson*, 134 AD3d 1580, 1580). The SORA guidelines justify the addition of 15 points under risk factor 11 "if an offender has a substance abuse history *or* was abusing drugs and or [*sic*] alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006] [emphasis added]). Indeed, "[a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points" for that risk factor (*id.; see People v Lewis*, 50 AD3d 1567, 1568, *lv denied* 11 NY3d 702; *see generally People v Palmer*, 20 NY3d 373, 377-378).

Here, according to the presentence report, defendant "started using marihuana as a teenager," and "he used this substance regularly" (*see People v Merkley*, 125 AD3d 1479, 1479; *People v Carswell*, 8 AD3d 1073, 1073, *lv denied* 3 NY3d 607). The extent and regularity of defendant's marihuana use was bolstered by a previous diagnosis of "Cannabis Abuse," which was also noted in the presentence report.

Moreover, "defendant was required to attend drug and alcohol treatment while incarcerated, thus further supporting the court's assessment of points for a history of drug or alcohol abuse" (*People v Mundo*, 98 AD3d 1292, 1293, *lv denied* 20 NY3d 855; *see People v Perez*, 138 AD3d 1081, 1081, *lv denied* 27 NY3d 913). Defendant also admitted that he "last used marihuana in October of 2002," which was proximate in time to his arrest for the underlying offense (*see Lewis*, 50 AD3d at 1568). Although defendant completed an Alcohol and Substance Abuse Treatment Program, a " 'recent history of abstinence while incarcerated is not necessarily predictive of his behavior when no longer under such supervision' " (*People v Vangorder*, 72 AD3d 1614, 1614; *see Jackson*, 134 AD3d at 1580-1581; *People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707).

Entered: May 5, 2017                                    Frances E. Cafarell
                                                       Clerk of the Court