People v Walker (2018 NY Slip Op 07913)





People v Walker


2018 NY Slip Op 07913


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1234 KA 17-00903

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY WALKER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Alex R. Renzi, J.), dated April 10, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court erred in assessing 15 points under risk factor 11, which permits the assessment of points for a defendant's history of drug or alcohol abuse. We conclude that clear and convincing evidence supports the assessment of those points (see People v Mundo, 98 AD3d 1292, 1293 [4th Dept 2012], lv denied 20 NY3d 855 [2013]; see generally § 168-n [3]), and we therefore reject defendant's contention.
The People introduced evidence that, during an interview with the probation officer who prepared the presentence investigation report for the underlying conviction, defendant admitted that he abused marihuana beginning at age 13 and that he had repeatedly engaged in treatment for that abuse over a five-year period, to no avail. Defendant also stated on several occasions that the only time he was drug free was when he was incarcerated. Testing upon defendant's entry into the state prison system verified his need for treatment, and he was assigned to the Alcohol and Substance Abuse Treatment program. Although defendant is correct that an assessment of points under risk factor 11 is not proper where a defendant's "more recent history is one of prolonged abstinence" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Wilbert, 35 AD3d 1220, 1221 [4th Dept 2006]; People v Abdullah, 31 AD3d 515, 516 [2d Dept 2006]), in this case defendant admitted that his only period of abstinence occurred while he was incarcerated. It is well settled that "[t]he fact that defendant may have abstained from the use of alcohol and drugs while incarcerated is not necessarily predictive of his behavior when [he is] no longer under such supervision" (People v Lowery, 93 AD3d 1269, 1270 [4th Dept 2012], lv denied 19 NY3d 807 [2012] [internal quotation marks omitted]; see People v Kunz, 150 AD3d 1696, 1697 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Jackson, 134 AD3d 1580, 1580-1581 [4th Dept 2015]). In addition, "defendant was required to attend drug and alcohol treatment while incarcerated, thus further supporting the court's assessment of points for a history of drug or alcohol abuse" (Mundo, 98 AD3d at 1293; see People v Newman, 148 AD3d 1600, 1601 [4th Dept 2017], lv denied 29 NY3d 914 [2017]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court