People v Hackrott (2019 NY Slip Op 02228)





People v Hackrott


2019 NY Slip Op 02228


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


333 KA 17-00622

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH HACKROTT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), dated March 7, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, County Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as " [t]he statements in the case summary . . . with respect to defendant's substance abuse constitute reliable hearsay supporting the court's assessment of points under [that] risk factor' " (People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see People v Jackson, 134 AD3d 1580, 1580 [4th Dept 2015]). Furthermore, despite defendant's purported abstinence while incarcerated and while on "federal probation," it is well established that a defendant's "abstinence while incarcerated is not necessarily predictive of his behavior when [he is] no longer under such supervision' " (Jackson, 134 AD3d at 1580-1581).
We reject defendant's further contention that the court abused its discretion in granting the People's request for an upward departure to a level three risk. "It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (People v Cardinale, 160 AD3d 1490, 1490-1491 [4th Dept 2018] [internal quotation marks omitted]). Here, we conclude that the determination to grant an upward departure was based on clear and convincing evidence of certain aggravating factors, including, inter alia, "the quantity and nature of the child pornography used by the defendant" (People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]; see People v Eiss, 158 AD3d 905, 906-907 [3d Dept 2018], lv denied 31 NY3d 907 [2018]; People v Sczerbaniewicz, 126 AD3d 1348, 1349 [4th Dept 2015]), as well as defendant's attempt to arrange a sexual encounter with a minor and the evidence that he asked other people for advice about molesting an underage family member (see People v Gosek, 98 AD3d 1309, 1310 [4th Dept 2012]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court