People v Johnson (2019 NY Slip Op 05707)





People v Johnson


2019 NY Slip Op 05707


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2014-09781

[*1]People of State of New York, respondent, 
v
Richard Johnson, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated September 29, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant did not meet his burden of identifying an appropriate mitigating factor and establishing the facts in support thereof (see People v Wyatt, 89 AD3d at 128). The defendant's age at the time of the offense, his conduct while in prison, and his expected lifetime parole supervision were taken into account when assessing points, and they therefore were not "appropriate mitigating factor[s]" (id.; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13, 16-17; People v Curry, 158 AD3d 52, 62; People v Perez, 138 AD3d 1081, 1082). "Although advanced age' may constitute a basis for a downward departure," the defendant failed to establish by a preponderance of the evidence that his age rendered him less likely to reoffend (People v Alvarez, 153 AD3d 645, 646, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure and designating him a level three sex offender.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court