People v Martinez (2022 NY Slip Op 06827)

People v Martinez

2022 NY Slip Op 06827

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05212

[*1]The People of the State of New York, respondent, 
v
Cesar Martinez, appellant. 

Twyla Carter, New York, NY (Simon Greenberg of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Daniel Petrillo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (William E. Garnett, J.), dated May 15, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2012, the defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]). At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed 90 points, which resulted in a presumptive designation as a level two sex offender. The defendant did not object to the assessment of 90 points, but moved for a downward departure, arguing that his postrelease plans with his family in Mexico, his conduct while in prison, and his positive response to sex offender treatment constituted mitigation of his risk to reoffend warranting a downward departure. The court denied the defendant's application.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure as the purported mitigating factors that he identified were adequately taken into account by the Guidelines and did not establish a lower likelihood of reoffense or danger to the community to warrant a downward departure (see People v Quintuna, 149 AD3d 1114; People v [*2]Perez, 138 AD3d 1081). Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated the defendant a level two sex offender.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court