People v Anemaet (2025 NY Slip Op 00775)

People v Anemaet

2025 NY Slip Op 00775

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

940 KA 23-02003

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHARON M. ANEMAET, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, J.), dated October 30, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that she is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse inasmuch as defendant self-reported heavy alcohol use during her interview for the presentence report (see People v Kunz, 150 AD3d 1696, 1696 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see generally People v Palmer, 20 NY3d 373, 377-378 [2013]).
We reject defendant's further contention that the court erred in granting the People's request for an upward departure from her presumptive classification as a level two risk. We conclude that " '[t]he court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument' " (People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]). Indeed, the People established by clear and convincing evidence that defendant had been convicted of criminal contempt based on her violation of an order of protection in favor of complainant after defendant's arrest and prior to her plea in the underlying criminal matter. That conviction provides the basis for an upward departure inasmuch as it is "indicative that the offender poses an increased risk to public safety" (People v Colsrud, 155 AD3d 1601, 1602 [4th Dept 2017] [internal quotation marks omitted]; see People v Molinaro, 214 AD3d 744, 745 [2d Dept 2023], lv denied 39 NY3d 916 [2023]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court