■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ROLAND, Appellant. [739 NYS2d 694] —Order, Supreme Court, New York County (Bonnie Wittner, J.), entered on or about August 17, 2000, which adjudicated defendant a level-two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant was properly classified as a level-two sex offender pursuant to the Sex Offender Registration Act (*see, People v*

*Bottisti*, 285 AD2d 841). Defendant failed to preserve his claims that the hearing court erred in raising his score on the Risk Assessment Instrument from 65 points as calculated by the Board of Examiners to 75 points by adding five points each in the "Use of Violence" and "Release Environment" categories and by not lowering the total risk factor score assigned by the Board in the "Drug or Alcohol Abuse" category and we decline to review them in the interest of justice. Were we to review defendant's claims, we would reject them. The court properly raised defendant's "Use of Violence" score based upon information provided by the prosecutor at the hearing that the victim sustained "physical injury" within the meaning of Penal Law § 10.00 (9) consisting of a bruised shoulder, since such an injury is capable of causing substantial pain and immobility and defendant did not dispute that the requirement of physical injury had been satisfied. The court properly raised defendant's score in the "Release Environment" category since, at the time the Board made its assessment, defendant had not yet been assigned to a specific category of parole and the Board made its assessment based upon its anticipation that defendant would be assigned to "specialized sex offender parole." Finally, with respect to the "Drug or Alcohol Abuse" category, the Board properly relied on defendant's admission of drug and alcohol abuse. Accordingly, the court's numerical recalculation of defendant's total risk score was correct and defendant was properly classified a level-two offender. In any event, even though the Board gave defendant 65 points, which would make him a level-one offender, the Board nevertheless recommended that he be classified as a level-two offender based upon a discretionary upward departure due to defendant's history of mental illness and the circumstances of the underlying crime. Thus, under all of the circumstances of this case, defendant was appropriately classified as a level-two offender. Concur— Andrias, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.