THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. REGAN, Appellant. [848 NYS2d 787]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered August 30, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination of his risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The record establishes that defendant has a long history of alcohol and drug abuse, including two arrests for driving while intoxicated, and that defendant admitted that he continued to abuse alcohol, marihuana, cocaine and

hallucinogenic mushrooms into his adulthood (*see People v Ramos*, 41 AD3d 1250 [2007], *lv denied* 9 NY3d 809 [2007]; *People v Vaughn*, 26 AD3d 776, 777 [2006]). "An offender need not be abusing drugs or alcohol at the time of the instant offense to receive points [under the risk factor for drug or alcohol abuse]" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). In any event, defendant offered no evidence that his more recent history was one of prolonged abstinence (*see id.*; *Ramos*, 41 AD3d 1250 [2007]).

Contrary to the further contention of defendant, the People presented clear and convincing evidence that his conduct while confined was unsatisfactory. The case summary notes that defendant lost all of his good time credits while confined, which in itself is clear and convincing evidence that his conduct while confined was unsatisfactory (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16, n 9 [2006]). In any event, defendant's presumptive classification as a level three risk would not change even if we were to determine that the points for that risk factor were improperly assessed (*see People v Ferrara*, 38 AD3d 1302 [2007], *lv denied* 8 NY3d 815 [2007]; *People v Lujan*, 34 AD3d 1346, 1347 [2006], *lv denied* 8 NY3d 805 [2007]). Finally, defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level (*see People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). In any event, that contention lacks merit inasmuch as defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure (*see Ferrara*, 38 AD3d at 1303; *People v Mason*, 35 AD3d 569 [2006]). Present—Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.