■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUPPI COSTAS, Appellant. [848 NYS2d 643]—Order, Supreme Court, New York County (Ruth Sussman, J.), entered on or about February 14, 2005, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

With the assistance of counsel, defendant executed a written waiver of his right to a redetermination hearing under *Doe v*

*Pataki* (3 F Supp 2d 456 [SD NY 1998]). On appeal, he asserts that the court should have conducted an allocution or inquiry prior to accepting the waiver. Since he did not raise any issue as to the voluntariness of his waiver, his claims in this regard are unpreserved for appellate review (*People v Gliatta*, 27 AD3d 441 [2006]; *People v Dexter*, 21 AD3d 403 [2005], *lv denied* 5 NY3d 716 [2005]).

Even if we were to conclude that this claim presents a question of law that defendant may raise for the first time on this civil appeal (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209-210 [1996], *lv denied* 88 NY2d 811 [1996]), we would find that the waiver was knowing, intelligent and voluntary. Defendant was represented by counsel throughout the proceedings and was present as counsel advised the court of defendant's written waiver, and as the court proceeded to adjudicate him a level three sex offender in accordance with the original determination, specifically reiterating that defendant had chosen not to challenge his risk level. Further, the record establishes that defendant understood his rights when he checked the "no" box on the unambiguous hearing request form (*see People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US —, 126 S Ct 2971 [2006] [valid written jury trial waiver]). We find no authority for a requirement of a personal allocution (*see People v Dexter*, 21 AD3d at 404), and we reject defendant's contention that a waiver of a sex offender hearing should require similar procedures to those required for a waiver of the right to appeal a criminal case. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.