THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LEWIS, Appellant. [856 NYS2d 787]—

Appeal from an order of the Erie County Court (Michael L.

D'Amico, J.), entered February 8, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's determination of his risk level is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]). We reject that contention. The record establishes that defendant had a long history of drug and alcohol abuse and thus was properly assessed 15 points under the risk factor for drug or alcohol abuse. Indeed, defendant admitted that he was a heavy drinker in the past and that his use of "a lot of cocaine for years" did not end until approximately one year before he was arrested for the instant sex crimes (*see People v Regan*, 46 AD3d 1434, 1434-1435 [2007]; *People v Ramos*, 41 AD3d 1250 [2007], *lv denied* 9 NY3d 809 [2007]). " 'An offender need not be abusing drugs or alcohol at the time of the instant offense to receive points' " under that risk factor (*Regan*, 46 AD3d at 1435, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). In any event, we note that the case summary prepared by the Board of Examiners of Sex Offenders (Board) states that defendant "associated the instant offense[s] with a heavy drinking period."

Defendant failed to preserve for our review his contention that he should not have been assessed 15 points under the risk factor for acceptance of responsibility (*see generally People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). In any event, that contention lacks merit inasmuch as the record establishes that defendant continues to maintain his innocence and that, while incarcerated, he refused to participate in all offense-related programs. Thus, the court's assessment of points under that risk factor is supported by clear and convincing evidence (*see People v Hurlburt-Anderson*, 46 AD3d 1437 [2007]; *People v Dubuque*, 35 AD3d 1011 [2006]). Contrary to the further contention of defendant, the assessment of points for the risk factor for a continuing course of sexual misconduct is supported by clear and convincing evidence. According to the case summary prepared by the Board, defendant sexually abused the victim from April 1991 until January 1992, and that sexual abuse consisted of acts of sexual intercourse, deviant sexual intercourse and other forms of sexual contact (*see* Risk Assessment Guidelines and Commentary, at 10; *People v Di John*, 48

AD3d 1302 [2008]). Finally, defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presumptive risk level and, in any event, that contention lacks merit (*see Regan*, 46 AD3d at 1435). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.