■ The People of the State of New York, Respondent, v Edwin Vidal, Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Tom, J.P., Gonzalez, Nardelli and Moskowitz, JJ.

■ The People of the State of New York, Respondent, v Eddie Valentin, Appellant. [867 NYS2d 917]—

The court assessed a total of 70 points, which is just below the threshold for a level two adjudication, and then departed upward to level two. The court properly assessed 15 points under the risk factor for drug or alcohol abuse, since defendant had a long history of drug possession convictions that was not excessively remote in time and he had not sufficiently demonstrated a prolonged period of abstinence (*see e.g. People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *People v Regan*, 46 AD3d 1434 [2007]). The upward departure was supported by clear and convincing evidence of defendant's mental illness, noncompliance with his medication regimen, and his resulting behavior when not medicated (*see People v Roland*, 292 AD2d 271 [2002], *lv denied* 98 NY2d 614 [2002]). Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.

■ The People of the State of New York, Respondent, v Benjamin DeJesus, Appellant. [867 NYS2d 917]

Under the unusual circumstances presented herein, we find the sentence excessive to the extent indicated. Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.

■ The People of the State of New York, Respondent, v Angela Boyd, Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.