THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY E. ERB, Appellant. [872 NYS2d 775]—

Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered August 8, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Although the total risk factor score on the risk assessment instrument (RAI) prepared by the Board of Examiners of Sex Offenders (Board) resulted in the presumptive classification of defendant as a level one risk, County Court agreed with the Board's recommendation that an upward departure from defendant's presumptive risk level was warranted based on aggravating factors not taken into account by the RAI. Although defendant has not raised the issue, we conclude that his right to due process was violated based on the failure of the court to conduct a hearing before making its determination of defendant's risk level, as expressly required by Correction Law § 168-n (6). " '[T]he due process protections required for a risk level classification proceeding are not as extensive as those required in a plenary criminal or civil trial' " (*People v Brooks*, 308 AD2d 99, 105 [2003], *lv denied* 1 NY3d

502 [2003], quoting *Doe v Pataki*, 3 F Supp 2d 456, 470 [1998]). Nevertheless, although defendant waived his right to appear in person and to submit materials, there is no indication in the record before us that he waived his right to a hearing (*see generally People v Costas*, 46 AD3d 475 [2007], *lv denied* 10 NY3d 716 [2008]). Indeed, Correction Law § 168-n (6) requires that, "[i]f a sex offender, having been given notice . . . of the determination proceeding in accordance with this section, fails to appear at this proceeding, without sufficient excuse, the court shall conduct the hearing" and make its determination. It does not provide that the failure to appear constitutes a waiver of the right to a hearing. We therefore reverse the order and remit the matter to County Court for a hearing and new risk level determination in compliance with Correction Law § 168-n. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.