■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD M. KYLE, JR., Appellant. [881 NYS2d 759]—

Appeal from an order of the Niagara County Court (Sara S. Sperrazza, J.), entered May 13, 2008. The order determined

that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant failed to preserve for our review his contention that his waiver of his right to a SORA hearing was not knowing, voluntary or intelligent (*see generally People v Costas*, 46 AD3d 475 [2007], *lv denied* 10 NY3d 716 [2008]; *People v Gliatta*, 27 AD3d 441 [2006]) and, in any event, that contention lacks merit (*see Gliatta*, 27 AD3d 441 [2006]). Although defendant also failed to preserve for our review his contention that County Court erred in assessing points against him under the risk factor based on his history of drug and alcohol abuse (*see People v Roland*, 292 AD2d 271 [2002], *lv denied* 98 NY2d 614 [2002]), we note in any event that his contention lacks merit. The People presented clear and convincing evidence of defendant's history of drug and alcohol abuse (*see People v Ramos*, 41 AD3d 1250 [2007], *lv denied* 9 NY3d 809 [2007]; *People v Vaughn*, 26 AD3d 776, 777 [2006]), and defendant presented no evidence to the contrary.

Finally, defendant failed to preserve for our review his contention that the court erred in assessing 15 points against him under the risk factor for acceptance of responsibility (*see People v Lewis*, 50 AD3d 1567, 1568 [2008], *lv denied* 11 NY3d 702 [2008]) and, in any event, that contention is without merit. Although defendant pleaded guilty to the crime underlying the SORA determination, he showed no remorse in his statement to the probation officer and blamed the crime on his use of drugs and alcohol. The court properly concluded that defendant's statement did not "reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Noriega*, 26 AD3d 767 [2006], *lv denied* 6 NY3d 713 [2006] [internal quotation marks omitted]). Present—Scudder, P.J., Smith, Centra, Peradotto and Green, JJ.