■ The People of the State of New York, Respondent, v Willie Clark, Appellant. [885 NYS2d 676]—Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 10, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court's assessment of 15 points under risk factor nine is not supported by the requisite clear and convincing evidence and thus he was not properly classified as a level two risk (*see* § 168-n [3]). We reject that contention. The record establishes that the court properly considered the case summary, which constitutes reliable hearsay, in determining defendant's risk level (*see People v Wragg*, 41 AD3d 1273 [2007], *lv denied* 9 NY3d 809 [2007]; *People v Vacanti*, 26 AD3d 732 [2006], *lv denied* 6 NY3d 714 [2006]). In any event, we note that defendant's presumptive classification as a level two risk would not change even if the court had assessed only the five points that defendant contends should have been assessed, rather than the 15 points assessed (*see generally People v Ferrara*, 38 AD3d 1302 [2007], *lv denied* 8 NY3d 815 [2007]; *People v Lujan*, 34 AD3d 1346 [2006], *lv denied* 8 NY3d 805 [2007]).

Defendant failed to preserve for our review his contention that he was entitled to a downward departure from his presump-

tive risk level (*see People v Ratcliff*, 53 AD3d 1110 [2008], *lv denied* 11 NY3d 708 [2008]; *People v Regan*, 46 AD3d 1434, 1435 [2007]). In any event, that contention lacks merit inasmuch as "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*Regan*, 46 AD3d at 1435). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.