■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCOTT, Appellant. [896 NYS2d 549]—

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 20, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (Correction Law § 168 *et seq.*), defendant contends that Supreme Court erred in making its determination without requiring the People to produce the presentence report. We reject that contention. In making its determination, the court properly relied on the case summary, which contained reliable hearsay (*see People v Marrocco*, 41 AD3d 1297 [2007], *lv denied* 9 NY3d 807 [2007]), as well as the risk assessment instrument. The court did not rely on the presentence report, nor did defendant request an adjournment pursuant to Correction Law § 168-n (3) in order to obtain the presentence report, which, as the People contended, was in the possession and control of the Probation Department. Thus, defendant's contention that the court erred in proceeding with the SORA hearing and in making its determination in the absence of the presentence report is not preserved for our review (*see generally People v Staples*, 37 AD3d 1099 [2007], *lv denied* 8 NY3d 813 [2007]).

Contrary to the further contention of defendant, the court did not err in assessing 20 points against him under the risk factor for a continuing course of sexual misconduct, which was recommended by the Board of Examiners of Sex Offenders. Although that factor was not an element of the crimes of which he was

convicted, the court was not limited to considering only such crimes (*see* Correction Law § 168-n [3]; *People v Feeney*, 58 AD3d 614, 615 [2009]). Also contrary to defendant's contention, we conclude that the assessment of points under that risk factor is supported by clear and convincing evidence (*see People v Richards*, 50 AD3d 1329 [2008], *lv denied* 10 NY3d 715 [2008]). The record establishes that the incident upon which defendant's conviction of sexual abuse in the second degree (Penal Law § 130.60 [2]) is based was not the first sexual encounter between defendant and the victim. Finally, based upon our review of the record as a whole, we conclude that the court did not abuse its discretion in determining that there were no circumstances warranting a downward departure from the presumptive risk level (*see People v Kaminski*, 38 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 803 [2007]). Present—Scudder, P.J., Centra, Carni and Pine, JJ.