■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL JEFFERSON, Appellant. [902 NYS2d 460]—Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 10, 2008. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to the contention of defendant, County Court's assessment of 10 points under the risk factor for his conduct while confined is supported by evidence establishing that defendant's record while incarcerated included at least three tier III violations and more than 10 tier II violations (*see People v Catchings*, 56 AD3d 1181 [2008], *lv denied* 12 NY3d 701 [2009]; *People v Peterson*, 8 AD3d 1124 [2004], *lv denied* 3 NY3d 607 [2004]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]). In any event, we note that defendant's presumptive classification as a level two risk would not change even if the court had not assessed those 10 points (*see generally People v Clark*, 66 AD3d 1366 [2009], *lv denied* 13 NY3d 713 [2009]).

Defendant failed to preserve for our review his further contention that he was entitled to a downward departure from his presumptive risk level (*see id.*; *People v Ratcliff*, 53 AD3d 1110 [2008], *lv denied* 11 NY3d 708 [2008]). "In any event, that contention lacks merit inasmuch as defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v Regan*, 46 AD3d 1434, 1435 [2007]). Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.