■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS SAWYER, Appellant. [910 NYS2d 783]—

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered November 7, 2006. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that he was entitled to a downward departure from his presumptive risk level. We reject that contention. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by . . . [the Risk Assessment Guidelines of the Sex Offender Registration Act].' There must exist clear and convincing evidence of the existence of special circumstance[s] to warrant an upward or downward departure" (*People v Guaman*, 8 AD3d 545 [2004]). Here, defendant failed to establish his entitlement to a downward departure from the presumptive risk level. Contrary to defendant's contention, a downward departure is not warranted on the ground that the minor victims were not strangers. The risk assessment instrument adequately addressed that factor and assessed no points for it (*see People v Barnett*, 71 AD3d 1296, 1297 [2010]). Finally, defendant contends that 25 points should not have been assessed for sexual contact with the victims because "the victim[s'] lack of consent is due only to inability to consent by virtue of age and . . . scoring 25 points in [that] category result[ed] in an over-assessment of [defendant's] risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]). It cannot be said that the 25 points assessed for sexual contact with the victims "result[ed] in an over-assessment" of defendant's risk to public safety (*id.*), nor did defendant " 'present clear and convincing evidence of special circumstances justifying a downward departure' " (*People v Clark*, 66 AD3d 1366, 1367 [2009], *lv denied* 13 NY3d 713 [2009]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.