# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**228**

**KA 13-01903**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

GORDY A. AKINPELU, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered September 13, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). At the SORA hearing, defendant's attorney informed County Court that he reviewed the risk assessment instrument with defendant and that he and defendant would "not be contesting those scores." The court thus adopted the recommendation of the Board of Examiners of Sex Offenders, which assessed 90 points against defendant, making him a presumptive level two risk. Defendant did not request a downward departure, and the court determined that he was a level two risk. Defendant now contends that he was not afforded due process at the hearing because, among other reasons, the court did not conduct a sufficient inquiry to determine whether he knowingly, intelligently and voluntarily waived his right to contest the level two risk designation. As defendant concedes, however, his contention is unpreserved for our review because he did not assert at the hearing that his due process rights were being violated (*see People v Kyle*, 64 AD3d 1177, 1178, *lv denied* 13 NY3d 709; *see also People v Costas*, 46 AD3d 475, 476, *lv denied* 10 NY3d 716; *People v Gliatta*, 27 AD3d 441, 441). In any event, "the due process protections required for a risk level classification proceeding 'are not as extensive as those required in a plenary criminal or civil trial' " (*Doe v Pataki*, 3 F Supp 2d 456, 470; *see People v Erb*, 59 AD3d 1020, 1020-1021), and defendant has cited no authority to support his contention that "a personal allocution" is

required in order to waive the right to a SORA hearing (*People v Dexter*, 21 AD3d 403, 404, *lv denied* 5 NY3d 716; *see Costas*, 46 AD3d at 476).

We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification.

Entered:  March 27, 2015                         Frances E. Cafarell
                                                 Clerk of the Court