# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**437**

**KA 15-00046**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT L. GLANOWSKI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered December 9, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that defendant is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that Supreme Court erred in assessing 20 points under the risk factor for a continuing course of sexual misconduct. "Although that factor was not an element of the crime[] of which [defendant] was convicted, the court was not limited to considering only such crime[]" (*People v Scott*, 71 AD3d 1417, 1417-1418, *lv denied* 14 NY3d 714). The record establishes that the incident upon which defendant's conviction of rape in the first degree (Penal Law § 130.35 [4]) is based was not the only sexual encounter between defendant and the victim. Defendant's remaining contention with respect to that risk factor is not preserved for our review (*see People v Walter*, 100 AD3d 1442, 1443) and, in any event, we conclude that it is without merit.

Contrary to defendant's further contention, the court did not err in assessing 15 points against defendant under the risk factor for history of drug or alcohol abuse. The instant assertions that defendant did not abuse drugs or alcohol were "contradicted by [defendant's] admissions to the Probation Department, as well as [defendant's] participation in alcohol and substance abuse treatment"

while incarcerated (*People v Englant*, 118 AD3d 1289, 1289).