# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

631

KA 14-01892

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

KENNETH F. FIGUEROA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered August 29, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, Supreme Court properly assessed 15 points under risk factor 11 for a history of drug or alcohol abuse. The assessment is supported by reliable hearsay contained in the case summary (*see People v Ramos*, 41 AD3d 1250, 1250, *lv denied* 9 NY3d 809; *see generally People v Mingo*, 12 NY3d 563, 573), which provides that defendant admitted to the personnel of the Department of Corrections and Community Supervision "a substance abuse history that included alcohol and marijuana for which he has never received treatment." "Furthermore, the record establishes that defendant was [referred to] drug and alcohol treatment while incarcerated, thus further supporting the court's assessment of points for a history of drug or alcohol abuse" (*People v Mundo*, 98 AD3d 1292, 1293, *lv denied* 20 NY3d 855; *see People v Englant*, 118 AD3d 1289, 1289). We note that defendant "presented no evidence to the contrary" but merely pointed to an inconsistent statement in the presentence report wherein he denied any alcohol or substance abuse (*People v Kyle*, 64 AD3d 1177, 1178, *lv denied* 13 NY3d 709).

Entered: July 1, 2016                                Frances E. Cafarell
                                                     Clerk of the Court