# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1248**
**KA 15-00948**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

RICHARD A. DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered November 6, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, Supreme Court did not err in assessing 20 points against defendant under the risk factor for a continuing course of sexual misconduct. "[T]he court was not limited to considering only the crime of which defendant was convicted in making its determination" (*People v Feeney*, 58 AD3d 614, 615; *see People v Glanowski*, 140 AD3d 1625, 1625-1626, *lv denied* 28 NY3d 902). The People proved by clear and convincing evidence that defendant engaged in "two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *see Glanowski*, 140 AD3d at 1625-1626; *People v Scott*, 71 AD3d 1417, 1418, *lv denied* 14 NY3d 714).

We agree with defendant, however, that the court failed to consider his request for a downward departure. We therefore reverse the order and remit the matter to Supreme Court for a determination of defendant's request for a downward departure (*see People v Cobb*, 141

AD3d 1174, 1175; *People v Lewis*, 140 AD3d 1697, 1697).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court