# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

360
KA 15-00958
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DALE F. LEESON, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), entered May 19, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court properly assessed 20 points for risk factor 4, continuing course of sexual misconduct, and 15 points for risk factor 11, history of drug or alcohol abuse. In addition to the case summary, the People submitted as evidence the preplea investigation report, the victim impact statement and the presentence report. With respect to the court's determination to assess 20 points for risk factor 4, continuing course of sexual misconduct, the case summary states, inter alia, that "between August 2003 and October, 2003" defendant engaged in oral sexual conduct with the victim more than once, touched her vaginal area with his hand, placed his penis near her vaginal area and requested that the victim pose in a partially nude state. Those acts formed the basis of defendant's conviction of endangering the welfare of a child, and we reject defendant's contention that the People failed to prove risk factor 4 by clear and convincing evidence (*see People v Scott*, 71 AD3d 1417, 1417-1418, *lv denied* 14 NY3d 714; *People v Lewis*, 50 AD3d 1567, 1568-1569, *lv denied* 11 NY3d 702).

With respect to risk factor 11, the preplea investigation report contains defendant's admission that he has " 'an alcohol problem' " and the case summary states that defendant "has a documented history of alcohol abuse," that the New York State Department of Corrections

and Community Supervision (DOCCS) testing placed him in the " 'alcoholic range' " and that he successfully completed the DOCCS Substance Abuse Treatment Program (*see People v Glanowski*, 140 AD3d 1625, 1626, *lv denied* 28 NY3d 902).  In addition, it is undisputed that defendant had driving while intoxicated convictions in 1987, 1989 and 1995, and we reject defendant's contention that the court erred in considering those convictions because they are too remote (*see People v Fredendall*, 83 AD3d 1545, 1546).

Entered:  March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court