# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

513

KA 16-00085

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SHANE R. HARESIGN, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Oswego County Court (Donald E. Todd, J.), dated November 2, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not err in assessing 10 points based on defendant's failure to accept responsibility. In his statements in the presentence report and during his testimony at the SORA hearing, defendant denied that he attempted to have sexual contact with one of the two victims. Those statements, however, are contradicted by defendant's plea allocution, wherein he expressly acknowledged his guilt (*see People v Kyle*, 64 AD3d 1177, 1178, *lv denied* 13 NY3d 709; *People v Noriega*, 26 AD3d 767, 767, *lv denied* 6 NY3d 713). Additionally, defendant blamed his conduct with respect to the other victim on his drug use. Defendant's statements "do not reflect a 'genuine acceptance of responsibility' as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]" (*People v Mitchell*, 300 AD2d 377, 378, *lv denied* 99 NY2d 510).

Contrary to defendant's further contention, the court properly assessed 20 points under risk factor 4, for "engaging in a continuing course of sexual misconduct with at least one victim." Pursuant to the risk assessment guidelines, "an offender has engaged in a continuing course of sexual contact when he engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at

least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 10 [2006]).  Here, the statements by the two victims and defendant are sufficient to establish that defendant committed three or more acts of sexual contact over a period of at least two weeks (*see generally People v Scott*, 71 AD3d 1417, 1417-1418, *lv denied* 14 NY3d 714).  In light of our determination, we do not address defendant's contention that the court erred in determining, in the alternative, that 20 points could be assessed under risk factor 4 based upon defendant's unlawful surveillance of the two victims.

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court