■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK L. MORRISON, Appellant. [58 NYS3d 805]—

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), dated August 12, 2015. The order affirmed an order of the Town Court of the Town of Elba.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order of Genesee County Court that affirmed an order of Elba Town Court determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Preliminarily, we note that "[a]n appeal may be taken to the appellate division as of right from an order of a county court . . . which determines an appeal from a judgment of a lower court" (CPLR 5703 [b]), and here County Court determined the appeal from an order of Town Court, not a judgment. Nonetheless, we conclude that this appeal from an "order" rather than a "judgment" is properly before us as of right pursuant to CPLR 5703 (b) inasmuch as " 'the rights of the parties are for all practical purposes finally determined' " (*People v Willis*, 130 AD3d 1470, 1471 [2015]; *see Highlands Ins. Co. v Maddena Constr. Co.*, 109 AD2d 1071, 1072 [1985]).

With respect to the merits, we reject defendant's contention that the People failed to present clear and convincing evidence to support the assessment of 15 points under risk factor 11 for defendant's history of alcohol and drug abuse (*see* Correction

Law § 168-n [3]). That assessment is sufficiently supported by reliable hearsay evidence inasmuch as the presentence report (PSR) shows that defendant was convicted in Florida in 2004 for driving under the influence (*see* Fla Stat § 316.193 [1]), and was shortly thereafter arrested again for the same offense; defendant's then-13-year-old daughter reported in a supporting deposition that defendant smoked marihuana with her on multiple occasions approximately two months before he sexually abused the daughter's friend; and the daughter's mother reported in a statement attached to the PSR that defendant had a history of daily drug use (*see People v Leeson*, 148 AD3d 1677, 1678 [2017], *lv denied* 29 NY3d 912 [2017]; *People v Regan*, 46 AD3d 1434, 1434-1435 [2007]; *People v Lewis*, 37 AD3d 689, 689-690 [2007], *lv denied* 8 NY3d 814 [2007]; *see generally People v Ramos*, 41 AD3d 1250, 1250 [2007], *lv denied* 9 NY3d 809 [2007]). Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.