People v Teal (2018 NY Slip Op 00870)





People v Teal


2018 NY Slip Op 00870


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

521834

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHARLES E. TEAL, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Matthew C. Hug, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Katy M. Moryl of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Rensselaer County (Young, J.), entered August 6, 2015, which classified defendant as a risk level two sex offender pursuant to the sex offender registration act.
In 2014, defendant was arrested and charged with two counts of sexual abuse in the first degree, two counts of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child. In 2015, and in resolution of those charges, defendant pleaded guilty to sexual abuse in the first degree and was sentenced to time served and a 10-year period of probation. The People completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level two sex offender, assigning him 95 points. At the subsequent hearing, defendant contested a number of categories in which the People argued that he should be assigned points and otherwise contended that a downward departure would be warranted. County Court assigned defendant 85 points, classified him a risk level two sex offender and designated him a sexually violent offender. Defendant appeals.
Initially, defendant's contention that there was not adequate evidence to establish that he had a prior criminal conviction is without merit. Defendant's acknowledgment that he had previously been convicted of "[p]ossession of a [h]and [g]renade" provided the requisite clear and convincing evidence, and therefore County Court did not err in assigning five points, under risk factor 9, for a prior criminal history that did not include sex crimes (compare People v Miranda, 24 AD3d 909, 911 [2005]). Moreover, we find no reason to disturb the court's [*2]determination to assign 20 points under risk factor 4 due to the duration of defendant's offense. A defendant has engaged in a continuing course of sexual contact that justifies such an assignment of points when he or she engaged in "three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). Here, a victim's description of defendant's conduct was sufficient to establish that defendant committed three or more acts of sexual contact over a period of at least two weeks (see People v Haresign, 149 AD3d 1578, 1579 [2017]). Finally, having reviewed the record, we find that the court did not abuse its discretion in rejecting defendant's contention that a downward departure was warranted (see id.; People v Kaminski, 38 AD3d 1127, 1128 [2007], lv denied 9 NY3d 803 [2007]).
Garry, P.J., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.