People v Huyler (2019 NY Slip Op 03113)





People v Huyler


2019 NY Slip Op 03113


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

521727

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID HUYLER, Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the County Court of Chemung County (Rich Jr., J.), entered June 2, 2015, which classified defendant as a risk level three sex offender and designated him a sexually violent offender pursuant to the Sex Offender Registration Act.
In 1990, defendant pleaded guilty to rape in the first degree and was sentenced to 12½ to 25 years in prison. In 2015, in anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level three sex offender (150 points)[FN1]. Defendant appeared before County Court with counsel, who indicated that defendant consented to being adjudicated a risk level three sex offender and a sexually violent offender. As a result, County Court classified defendant as a risk level three sex offender and designated him a sexually violent offender. Defendant now appeals.
We affirm. Defendant contends that his consent to being classified as a risk level three sex offender and designated a sexually violent offender was not knowing, intelligent and voluntary. Even assuming that this claim may be raised for the first time on appeal, we are satisfied that the consent was valid (see People v Smith, 92 AD3d 1045, 1045 [2012], lv denied 19 NY3d 805 [2012]; People v Costas, 46 AD3d 475, 476 [2007], lv denied 10 NY3d 716 [2008]). Defendant was represented by counsel throughout the proceedings and, in defendant's presence, counsel advised County Court that he had discussed with defendant the numerical [*2]scoring in the risk assessment instrument and the override based upon his prior sex crime and that defendant was willing to stipulate to a risk level three sex offender classification and a sexually violent offender designation. County Court then confirmed with defendant that he understood that he had a right to a hearing regarding the risk level classification and that he was consenting to the risk level classification and designation as outlined by counsel. In our view, defendant's consent to the classification and designation was knowingly, intelligently and voluntarily given (see People v Smith, 92 AD3d at 1045-1046; People v Costas, 46 AD3d at 476; People v Gliatta, 27 AD3d 441, 441 [2006]).
Garry, P.J., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Notwithstanding the amount of points assessed in the Board's risk assessment instrument, defendant also has a prior felony conviction for a sex crime that would constitute an applicable override resulting in a presumptive risk level three assessment (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006]).