People v Slishevsky (2019 NY Slip Op 05857)





People v Slishevsky


2019 NY Slip Op 05857


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


290 KA 17-02113

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON SLISHEVSKY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Gordon J. Cuffy, A.J.), dated September 22, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant failed to preserve for our review his contention that County Court's acceptance of his waiver of appearance constituted a violation of due process (see People v Poleun, 119 AD3d 1378, 1378-1379 [4th Dept 2014], affd 26 NY3d 973 [2015]; People v Wall, 112 AD3d 900, 901 [2d Dept 2013]).
Contrary to defendant's further contention, the court properly assessed 15 points under risk factor 11 for a history of alcohol abuse. Defendant's preplea investigation report and case summary both indicate that he has a history of alcohol abuse, and the case summary reflects defendant's admission that he has abused alcohol. The case summary additionally states that defendant was convicted of driving while intoxicated in 1987 and 2006; that New York State Department of Corrections and Community Supervision testing placed him in the "alcoholic" range; and that he completed Alcohol and Substance Abuse Treatment (see People v Leeson, 148 AD3d 1677, 1678 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; People v Glanowski, 140 AD3d 1625, 1626 [4th Dept 2016], lv denied 28 NY3d 902 [2016]). Contrary to defendant's contention, "[t]he fact that alcohol was not a factor in the underlying offense is not dispositive inasmuch as the [SORA 2006 Risk Assessment Guidelines and Commentary] provide that [a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in this category" (People v Cathy, 134 AD3d 1579, 1579 [4th Dept 2015] [internal quotation marks omitted]). Moreover, defendant's purported abstinence while incarcerated "is not necessarily predictive of his behavior when [he is] no longer under such supervision" (People v Jackson, 134 AD3d 1580, 1581 [4th Dept 2015] [internal quotation marks omitted]).
We reject defendant's contention that the court abused its discretion in denying his request for a downward departure from the presumptive level three risk. "A defendant seeking a downward departure has the initial burden of . . . identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the risk assessment guidelines" (People v Collette, 142 AD3d 1300, 1301 [4th Dept 2016], lv denied 28 NY3d 912 [2017] [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861 [2014]), and defendant failed to make that showing (see Collette, 142 AD3d at 1301). We have considered defendant's remaining contention and conclude that it does [*2]not warrant modification or reversal of the order.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court