People v Lang (2020 NY Slip Op 01742)





People v Lang


2020 NY Slip Op 01742


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


70 KA 18-01411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STORM U. LANG, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), entered June 1, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, the 20 points assessed under risk factor 4, for a continuing course of sexual misconduct, are supported by clear and convincing evidence. Here, the evidence, including the victim's statement and defendant's admissions in the presentence report, establishes that defendant engaged in sexual contact with the seven-year-old victim on at least three occasions over a period of more than two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see generally People v Leeson, 148 AD3d 1677, 1678 [4th Dept 2017], lv denied 29 NY3d 912 [2017]).
Defendant's challenge to his underlying conviction, based on an alleged jurisdictional defect in his waiver of indictment, is not properly before us on this appeal from the SORA determination (see People v Jamison, 137 AD3d 1742, 1742 [4th Dept 2016], lv denied 27 NY3d 910 [2016]).
In light of our determination, we do not consider defendant's remaining contention concerning County Court's alternative basis for
its risk level assessment.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court