People v Dupuis (2024 NY Slip Op 03645)

People v Dupuis

2024 NY Slip Op 03645

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

442 KA 23-01631

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATHAN J. DUPUIS, DEFENDANT-APPELLANT.

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Steuben County Court (Chauncey J. Watches, J.), entered June 19, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order designating him a sexually violent offender and determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law
§ 168 et seq.). As the People correctly concede, County Court improperly assessed 20 points against defendant under risk factor 4 for engaging in "a continuing course of sexual misconduct with at least one victim." The assessment of points under risk factor 4 is warranted where a defendant has engaged in "either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see People v Wassilie, 201 AD3d 1117, 1117-1118 [3d Dept 2022], lv dismissed 37 NY3d 1172 [2022], lv denied 38 NY3d 907 [2022]; People v Haresign, 149 AD3d 1578, 1579 [4th Dept 2017]). Here, there is no evidence that defendant engaged in acts of sexual contact involving sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact. Moreover, although there is evidence that defendant subjected the victim to three separate acts of sexual contact, the People did not establish that those three acts extended over a period of at least two weeks. Defendant's score on the risk assessment instrument must therefore be reduced by 20 points, which results in a total score of 100 points and renders defendant a presumptive level two risk. We modify the order accordingly.
We have reviewed defendant's remaining contentions, which involve challenges to the court's assessment of points under risk factors 7 and 12, and conclude that they lack merit.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court