People v Warner (2025 NY Slip Op 04422)

People v Warner

2025 NY Slip Op 04422

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., SMITH, OGDEN, DELCONTE, AND KEANE, JJ.

583 KA 24-01097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALLEN J. WARNER, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wayne County Court (Richard M. Healy, J.), dated April 24, 2024. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk and a sexually violent offender pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We affirm.
Contrary to defendant's contention, County Court properly assessed 20 points under risk factor 4, for engaging in a continuing course of sexual misconduct. "At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341 [2016]; see Correction Law § 168-n [3]). A sex offender is properly assessed 20 points under risk factor 4 if the offender "engaged in a continuing course of sexual misconduct with at least one victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, risk factor 4 [2006] [Guidelines]). An offender has engaged in a continuing course of sexual misconduct when the offender has "engage[d] in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Guidelines at 10; see People v Haresign, 149 AD3d 1578, 1579 [4th Dept 2017]). Here, we conclude that the evidence, including the victim's statements and defendant's admissions contained in the presentence investigation report and case summary, establishes that defendant engaged in three or more acts of sexual contact with the victim over a period of at least two weeks (see People v Lang, 181 AD3d 1169, 1170 [4th Dept 2020], lv denied 35 NY3d 912 [2020]; Haresign, 149 AD3d at 1579; People v Leeson, 148 AD3d 1677, 1678 [4th Dept 2017], lv denied 29 NY3d 912 [2017]).
We reject defendant's further contention that he is entitled to a downward departure from his presumptive risk level. Contrary to defendant's assertion, the fact that the risk assessment instrument yielded the minimum number of points needed to qualify as a presumptive level two risk does not constitute an appropriate mitigating factor (see People v Clark, 126 AD3d 1540, 1540 [4th Dept 2015], lv denied 25 NY3d 910 [2015]). Although an offender's response to sex offender treatment, if exceptional, may provide a basis for a downward departure (see Guidelines at 17), we conclude that, here, defendant failed to prove by the requisite preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861 [2014]) that his response to treatment was exceptional (see People v June, 150 AD3d 1701, 1702 [4th Dept 2017]; see also People v Ojeda, 216 AD3d 819, 820 [2d Dept 2023], lv denied 40 NY3d 906 [2023]; People v Santiago, 137 [*2]AD3d 762, 764 [2d Dept 2016], lv denied 27 NY3d 907 [2016]).
Finally, even assuming, arguendo, that defendant satisfied his burden with respect to the first two steps of the downward departure analysis (see generally Gillotti, 23 NY3d at 861), we conclude on this record, after applying the third step of weighing the aggravating and mitigating factors, that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk level does not represent an over-assessment of his dangerousness and risk of sexual recidivism (see People v Wolcott, 232 AD3d 1321, 1322-1323 [4th Dept 2024]; People v Pope, 229 AD3d 1379, 1379-1380 [4th Dept 2024], lv denied 42 NY3d 910 [2024]; see generally People v Sincerbeaux, 27 NY3d 683, 689-691 [2016]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court